IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **TONY P. WARZECHA,** | 6:13-cv-01263-BR |
|       **Plaintiff,** | OPINION AND ORDER |
| v. | |
| **CAROLYN W. COLVIN,**<br>**Commissioner, Social Security**<br>**Administration,**[1] | |
|       **Defendant.** | |

**ALAN STUART GRAF**
Alan Stuart Graf P.C.
208 Pine St.
Floyd, VA 24091
(540) 745-2519

      Attorney for Plaintiff

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this case. No further action need be taken to continue this case by reason of the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405.

1 - OPINION AND ORDER

**S. AMANDA MARSHALL**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1003

**DAVID MORADO**
Regional Chief Counsel
**JORDAN D. GODDARD**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2733

         Attorneys for Defendant

**BROWN, Judge.**

   Plaintiff Tony P. Wazecha seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) payments under Title XVI.

   This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a thorough review of the record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** this matter.

## ADMINISTRATIVE AND PROCEDURAL HISTORY

Plaintiff filed his applications for DIB and SSI on April 7, 2012, and April 15, 2012, respectively.  Tr. 68, 206.[2]  The applications were denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a video hearing on February 29, 2012.  Tr. 29-66.  At the hearing Plaintiff was represented by an attorney.  Tr. 13.  Plaintiff and a Vocational Expert (VE) testified at the hearing.  Tr. 13.

The ALJ issued a decision on March 27, 2012, in which he found Plaintiff was not disabled and, therefore, is not entitled to benefits.  Tr. 13-23.  That decision became the final decision of the Commissioner on May 28, 2013, when the Appeals Council denied Plaintiff's request for review.  Tr. 1.

## BACKGROUND

Plaintiff was born on October 8, 1960, and was 51 years old at the time of the hearing.  Tr. 256.  Plaintiff completed either tenth grade or received his general equivalency diploma.[3]  Tr. 20.  He has past work experience as a greens keeper, construction worker, cannery worker, and "green-chain off-

---

[2] Citations to the official transcript of record filed by the Commissioner on January 10, 2013, are referred to as "Tr."

[3] The ALJ noted Plaintiff claimed in his application for benefits that "he had only a 10th grade education," but Plaintiff testified at the hearing "that he has a general equivalency diploma."  Tr. 20.

3 - OPINION AND ORDER

...
x

bearer."  Tr. 51-52.

Plaintiff alleges he has been disabled since May 6, 2010,[4] due to a back injury, mental illness, brain trauma, speech impediment, confusion, a learning disability, "comprehension," "I don't like being around the Public," concentration, anger, mood swings, severe anxiety, memory problems, severe headaches, and paranoia.  Tr. 262.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 15-22.

### STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for

---

[4] On January 12, 2012, Plaintiff amended his alleged onset date to May 6, 2010.  Tr. 228.

4 - OPINION AND ORDER

proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)).  It is more than a "mere scintilla" of evidence but less than a preponderance.  *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).  Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).

5 - OPINION AND ORDER

The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I.  The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Keyser v. Comm'r of Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). *See also Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007); 20 C.F.R. §§ 404.1520, 416.920. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). *See also Keyser*, 648 F.3d at 724.

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so

6 - OPINION AND ORDER

severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  *See also Keyser*, 648 F.3d at 724.  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC).  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. §§ 404.1520(e), 416.920(e).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).  The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis when the ALJ is determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'"  SSR 96-8p, at *4.

At Step Four the claimant is not disabled if the

7 - OPINION AND ORDER

Commissioner determines the claimant retains the RFC to perform work he has done in the past.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724-25.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

### **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since March 6, 2010, his alleged onset date.  Tr. 16.

At Step Two the ALJ found Plaintiff has the severe impairments of a speech impediment; post-traumatic stress disorder; major depressive disorder; panic disorder with

8 - OPINION AND ORDER

agoraphobia; cognitive disorder, not otherwise specified; and paranoid personality disorder."[5]  Tr. 16.

At Step Three the ALJ found Plaintiff's impairments do not meet or equal the criteria for any impairment in the Listing of Impairments.  Tr. 17.  The ALJ found Plaintiff does not have any "significant physical limitations," but "[m]entally, . . . he is limited to simple routine tasks, in a work environment with only occasional and superficial interpersonal contact, with very little contact with coworkers and supervisors, performing work that does not require a great deal of expressive communication."  Tr. 17.

At Step Four the ALJ concluded Plaintiff is capable of performing his past relevant work as a construction worker and green-chain off-bearer.  Tr. 21.  Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 22.

## DISCUSSION

Plaintiff contends the ALJ erred when he failed to give full weight to the opinion of examining physician Alison Prescott, Ph.D.  Plaintiff also contends the record before the Court is incomplete; should be supplemented with evidence from a prior

---

[5] The Court notes the ALJ based his findings as to these impairments on the medical diagnoses of Plaintiff that appear in the record rather than statements in Plaintiff's applications. *See* Tr. 16, 262.

9 - OPINION AND ORDER

decision in addition to new evidence that Plaintiff submitted to the Appeals Council; and, in the alternative, should be remanded pursuant to Sentence Six of the Social Security Act to require the Commissioner to consider Plaintiff's new evidence.

### I. Medical Opinion Testimony

Plaintiff contends the ALJ failed to fully credit the opinion of Dr. Prescott, examining physician.

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)(quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Thomas*, 278 F.3d at 957. *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1995). Generally the more consistent an opinion is with the record as a whole, the more weight an opinion should be given. 20 C.F.R. § 416.927(c)(4).

A nonexamining physician is one who neither examines nor treats the claimant. *Lester*, 81 F.3d at 830. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an

examining physician or a treating physician." *Id.* at 831.  When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so.  *See, e.g., Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999).  A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record.  *Id.* at 600.

Plaintiff was referred by Disability Determination Services (DDS)[6] to Dr. Prescott for a psychological evaluation, which took place on August 4, 2010.  Tr. 350.  Dr. Prescott's evaluation consisted of an interview of Plaintiff and a series of cognitive examinations.  Tr. 350-57.  Dr. Prescott gave Plaintiff Axis I diagnoses of post-traumatic stress disorder (PTSD); major depressive disorder, recurrent; panic disorder without agoraphobia; cognitive disorder, NOS; and stuttering.  Tr. 356-57.  She also gave him an Axis II diagnosis of paranoid personality disorder and an Axis III diagnoses of chronic pain in back and diverticulitis.

Dr. Prescott opined Plaintiff shows signs of PTSD and has long-term, poor social functioning.  Tr. 356.  She stated

---

[6] DDS is a federally funded state agency that makes eligibility determinations on behalf and under the supervision of the Social Security Administration pursuant to 42 U.S.C. § 421(a) and 20 C.F.R. § 416.903.

11 - OPINION AND ORDER

Plaintiff "shows a highly defensive and avoidant social style," his response style is "very avoidant and anxious," and he has "a severe stutter particularly when agitated or stressed." Tr. 356. Dr. Prescott opined Plaintiff is in need of mental-health services and "would not likely be able to maintain a job unless he had a rapport with someone to support him on the job." Tr. 356.

The ALJ did not give Dr. Prescott's opinion full weight because he found (1) Dr. Prescott does not suggest in her report that the symptoms she noted were new or recent; (2) the record does not contain any evidence of meaningful psychiatric treatment that indicates whether Plaintiff's symptoms are chronic and persistent or whether his symptoms wax and wane; (3) the record reflects Plaintiff has had substantial gainful-activity earnings every year since 1991 except in 1994, 1999, 2004, and 2007; and (4) the record reflects Plaintiff has the capacity to do certain types of employment despite his psychiatric symptoms even though Plaintiff's work background suggests he has some work-adjustment issues.  Accordingly, the ALJ concluded Dr. Prescott's report and opinion "lack[] basic indicia of reliability."  The ALJ also noted the record does not contain any additional evidence or opinions from mental-health practitioners who examined or treated Plaintiff to support Plaintiff's position.

The ALJ accepted the opinions of DDS reviewing physicians

and found them to be "consistent with and well supported by the medical record, when viewed as a whole." Tr. 18. DDS evaluating physicians Kordell N. Kennemer, Psy.D., and Paul Rethinger, Ph.D., reviewed the opinions of Dr. Prescott and the December 21, 2006, opinion of examining physician James M. Wahl, Ph.D. (from Plaintiff's 2007 application for benefits). Drs. Kennemer and Rethinger found Dr. Wahl's findings were "very consistent" with those of Dr. Prescott. They concluded Plaintiff "is capable of remembering simple routine tasks but any more than simple [tasks] will only exacerbate his [symptoms] of anxiety" and when Plaintiff "becomes stressed out he stutters and becomes very agitated." Tr. 77, 104. Drs. Kennemer and Rethinger opined Plaintiff "can not be around the general public as he does have anger management issues and PTSD/anxiety issues." They also concluded Plaintiff "needs to have very little contact with coworkers/supervisor[s]," but nevertheless, he "is capable [of] . . . accepting instructions as he did so at the [consultative evaluation] exam" performed by Dr. Prescott. Tr. 78, 105.

     Based on these opinions, the ALJ concluded Plaintiff retains "some mental functional capacity to sustain work." Tr. 19. The ALJ, however, included additional limitations in Plaintiff's RFC "with respect to expressive communications, in light of the claimant's report that he has a stuttering speech impediment." Tr. 18.

13 - OPINION AND ORDER

The Court concludes on this record that the ALJ did not err when he did not give full weight to the opinion of Dr. Prescott because the ALJ provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## II.  Additional Evidence

As noted, Plaintiff also contends the record before the Court is incomplete and should be supplemented with evidence from Plaintiff's previous application for benefits in addition to new evidence that Plaintiff submitted to the Appeals Council.

### A.  2006 Examination of Dr. Wahl

As noted, the DDS physicians, Drs. Kennemer and Rethinger, reviewed a 2006 examination report completed by Dr. Wahl. Plaintiff contends this examination "appears to have been left out of the file." Pl.'s Br. at 11.  Plaintiff argues Dr. Wahl's report is important because it could have assisted the ALJ in determining the "baseline" for Plaintiff's alleged mental impairments.  The ALJ observed such a baseline was not present because of the lack of pertinent medical records.

As noted, Dr. Wahl prepared his report in December 2006, almost four years before Plaintiff's alleged onset date, and, therefore, his report would not be evidence of Plaintiff's alleged mental impairments during the relevant period of Plaintiff's alleged disability.

In any event, Drs. Kennemer and Rethinger concluded

14 - OPINION AND ORDER

Dr. Wahl's findings were "very consistent" with those of Dr. Prescott.  In addition Dr. Wahl's report was part of the record in Plaintiff's 2007 application for benefits, which was subsequently denied.  Thus, there is not any indication that Dr. Wahl's report would have provided additional information regarding Plaintiff's alleged mental impairments.

The Court concludes on this record any error by the ALJ in failing to include Dr. Wahl's report in the medical record is harmless.

**B.    Evidence Submitted to the Appeals Council**

Plaintiff also contends additional medical evidence that he submitted to the Appeals Council, which the Appeals Council declined to consider, should be part of the record and considered by this Court.

Only evidence submitted to *and considered* by the Appeals Council, however, is part of the administrative record properly before a district court.  *Brewes v. Comm'r of Social Sec. Admin.*, 682 F.3d 1157 (9th Cir. 2012).  Here, as noted, the Appeals Council declined to consider Plaintiff's additional medical evidence and returned it to him on the ground that those records were dated after the ALJ rendered his decision:  "[T]his new information is about a later time.  Therefore, it does not affect the decision about whether [Plaintiff was] disabled on or before March 27, 2012."  Tr. 1-2.  Because the Appeals Council did not

15 - OPINION AND ORDER

consider the additional evidence as it relates to the merits of Plaintiff's claim, it is not part of the administrative record before this Court.

To the extent that Plaintiff contends the Appeals Council's decision not to consider the additional evidence was an error, the Court disagrees.  The Appeals Council considers additional evidence "only where it relates to the period on or before the date of the [ALJ] hearing decision."  20 C.F.R. § 404.970(b).  *See also* 20 C.F.R. § 416.1476(b)(1).  Thus, the Court finds the Appeals Council properly declined to consider Plainitff's post-hearing evidence.

### III. Sentence Six Remand

In the alternative, Plaintiff contends the Court should remand this matter pursuant to Sentence Six of the Social Security Act and require the Commissioner to consider the additional evidence Plaintiff submitted to the Appeals Counsel.

"Sentence six remands may be ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency."  *Akopyan v. Barnhart*, 296 F.3d 852, 854-55 (9th Cir. 2002).

Plaintiff argues good cause exists for his failure to present the additional evidence sooner because it was "close in time to the date of the ALJ's decision" and because Plaintiff had

"just started seeing the [Veterans Affairs] medical staff for his mental problems." Pl.s' Br. at 18. The Court has already found that evidence, however, does not have any bearing on the issue before the Commissioner with respect to Plaintiff's application for benefits; *i.e.,* whether Plaintiff was disabled on or before March 27, 2012.

Accordingly, the Court declines to grant Plaintiff's alternative request to remand this matter pursuant to Sentence Six of the Social Security Act.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 6th day of August, 2014.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

17 - OPINION AND ORDER